**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

––––––––––––

**No. 20-4629**

––––––––––––

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

DOMINIQUE SHANTAE LYTCH,

        Defendant - Appellant.

––––––––––––

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00565-WO-1)

––––––––––––

Submitted:  April 28, 2023                                    Decided:  July 14, 2023

––––––––––––

Before WYNN and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

––––––––––––

Affirmed by unpublished per curiam opinion.

––––––––––––

**ON BRIEF:** Renorda Pryor, HERRING LAW CENTER, PLLC, High Point, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique Shantae Lytch pled guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. The district court sentenced him to 210 months' imprisonment and a five-year term of supervised release. On appeal, Lytch's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Lytch has filed a pro se supplemental brief, arguing that the district court erred in its calculation of his Sentencing Guidelines range by applying a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018), for possessing a firearm during the offense. The Government has declined to file a response. We affirm.

Because Lytch did not seek to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see also United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Lytch entered his guilty plea knowingly and voluntarily and that a factual basis supported the plea. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Discerning no plain error, we conclude that Lytch's guilty plea is valid.

We review a criminal sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Guidelines range, gave the parties an opportunity to

2

argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Lytch challenges the two-level firearm enhancement pursuant to USSG § 2D1.1(b)(1), arguing that the weapon was not in his immediate possession and that someone else possessed it. We review the district court's findings of fact for clear error and its legal conclusions de novo. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018). We conclude that, based on the findings of the presentence report adopted by the district court and the testimony presented at Lytch's sentencing hearing, the court did not err in applying the enhancement.

The district court also allowed Lytch to allocute and afforded counsel an opportunity to argue for an appropriate sentence. After considering the parties' arguments and Lytch's statement, the properly calculated advisory Guidelines range, and the 18 U.S.C. § 3553(a) factors, the court determined that a 210-month sentence was warranted based on the circumstances of Lytch's offense conduct, his history and characteristics, and the need for the sentence imposed to promote respect for the law, to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes by Lytch. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). The court's explanation

3

was sufficient to support the imposition of Lytch's within-Guidelines sentence, and Lytch does not overcome the presumption of reasonableness afforded to it. Lytch's sentence is procedurally and substantively reasonable, and we thus discern no abuse of discretion in the district court's imposition of the 210-month prison term.

In accordance with *Anders*, we have reviewed the record in its entirety and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Lytch, in writing, of the right to petition the Supreme Court of the United States for further review. If Lytch requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lytch.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*